# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

RALSTON BARNES

VERSUS

JUSTIN D. BECK AND FARMERS
GROUP PROPERTY AND CASUALTY
INSURANCE COMPANY

NO. 2026 CW 0358

**JULY 23, 2026**

---

In Re:   Farmers Group Property and Casualty Insurance Company,
         applying for supervisory writs, 21st Judicial District
         Court, Parish of Livingston, No. 186310.

---

**BEFORE:   WOLFE, HESTER, AND BALFOUR, JJ.**

   **WRIT DENIED.**

**EW**
**KEB**

   **Hester, J.,** dissents and would reverse the trial court's
February 6, 2026 judgment and grant summary judgment in favor of
defendant, Farmers Group Property and Casualty Insurance Company.
I find that this defendant is entitled to summary judgment based
on the clear and unambiguous language of the policy's uninsured
motorist coverage endorsement. Specifically, the policy limits
uninsured motorist coverage to damages that an insured is legally
entitled to recover from the owner of an uninsured motor vehicle.
While the policy does not expressly define whether an electric-
assisted bicycle constitutes a "motor vehicle" for purposes of
uninsured motorist coverage, it contains a conformity to state law
provision requiring that the policy be construed in accordance
with applicable Louisiana law. Louisiana Revised Statute 32:1(50)
expressly excludes motorized bicycles and electric-assisted
bicycles from the statutory definition of "motor vehicle." See
**Slade v. Progressive Security Ins. Co.**, No. 11-2164, 2013 WL
12182957, at *8 (W.D. La. Feb. 4, 2013) (recognizing that a
conformity to state law provision amends an insurance policy to
conform to applicable state statutes). Moreover, the conditions,
stipulations, and agreements of an insurance contract may not
conflict with Louisiana statutes or public policy. La. R.S.
22:868(A). Read together, the conformity to state law provision
and Louisiana's statutory scheme require that the policy's
reference to a "motor vehicle" be construed consistently with the
definition provided by La. R.S. 32:1(50). Accordingly, the
statutory definition is incorporated into the policy through the
conformity provision. Because electric-assisted bicycles are
expressly excluded from that definition, they are not uninsured
motor vehicles within the meaning of the policy, and the policy's
uninsured motorist coverage does not apply to accidents involving
electric-assisted bicycles. Therefore, I would dismiss plaintiff's
claims against defendant.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
   FOR THE COURT